* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Stanback. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Stanback with modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the N.C. Worker's Compensation Act.
2. An employee/employer relationship existed between the named employee and named employer at the times in question. *Page 2 
3. The carrier liable on the risk is correctly named.
4. Plaintiff's average weekly wage is $975.39, yielding a compensation rate of $650.29.
5. Defendants deny the employee sustained an injury on November 10, 2003.
6. Defendants deny the injury arose out of and in the course of employment and is compensable.
7. Documents stipulated into evidence include: Stipulated Exhibit #1-Industrial Commission Forms, Motor Vehicle Accident Report, Employee's Answers to Interrogatories, Medical Records from Dr. Lopina and Dr. Hunstad, and Employee's Professional Profile.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff has worked as a professor of nursing for defendant-employer since 1983, and maintains an office in Statesville, North Carolina. Plaintiff's position involves teaching students and requires occasional travel to monitor students at various medical facilities. Defendant-employer reimburses plaintiff for such travel.
2. In October 2002, plaintiff underwent a voluntary abdominoplasty with Dr. Fewell in Hickory, North Carolina. Following this procedure, plaintiff continued to experience problems, and subsequently underwent a revision due to complications in March of 2003. 3.
Plaintiff began treatment with Dr. Joseph Hunstad, a Charlotte plastic surgeon, beginning June 10, 2003. At that time, plaintiff had residual swelling, as well as excess fat and skin. *Page 3 
4. On July 29, 2003, Dr. Hunstad performed a complete abdominoplasty revision to extend the area and also to remove a pseudobursa (formation of scar tissue like a pillow filled with fluid) left from the previous surgeries.
5. Dr. Hunstad testified that plaintiff progressed very well after the July 29, 2003 revision surgery, and that plaintiff had "perfect healing" with only minor complications. Dr. Hunstad testified that there was slight fullness in the epigastric area which could indicate a collection of fluid, but there was never any fluid present.
6. On Monday, November 10, 2003 at approximately 8:15 a.m., plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with defendant-employer. Plaintiff was traveling on Interstate 40 near Winston-Salem while en route to High Point Regional Hospital to visit several nursing students at as part of her employment. Plaintiff's vehicle was traveling approximately 25-30 miles per hour and was struck from behind by a vehicle traveling approximately 50 miles per hour in congested traffic.
7. At the time of the accident, plaintiff was wearing both waist and shoulder seatbelts. Plaintiff testified that she was first thrown violently backwards hitting her head on the headrest and then forcefully thrown forward with her body weight held by the waist and shoulder seatbelts.
8. Plaintiff testified that soon after the November 10, 2003 motor vehicle accident, a large bulge arose under her sternum. Dr. Hunstad noted on November 20, 2003 that the bulge was in plaintiff's central upper abdomen, in the area between her breasts at top of her ribcage.
9. After the November 10, 2003 motor vehicle accident, plaintiff also saw her family doctor, Dr. Bartholomew Lopina, beginning November 20, 2003, with complaints of headache and numbness in her right arm that began after the motor vehicle collision. *Page 4 
10. At the January 20, 2004 visit, Dr. Lopina noted a complaint of belly swelling. Dr. Lopina ordered a CT scan which was not conclusive as to the nature of the swelling; however, Dr. Lopina was able to rule out a surface hernia.
11. Dr. Hunstad performed two surgeries in an attempt to remove scar tissue and correct the large bulge that arose after the November 10, 2003 injury. The first surgery was performed on June 24, 2004, and was performed through the original incision at plaintiff's navel level. The second surgery was performed on August 1, 2005, with a new surgical incision at plaintiff's breast level.
12. Dr. Hunstad testified that the large bulge plaintiff experienced after the motor vehicle accident was much higher that plaintiff's previous pseudobursa which was removed in July, 2003. Dr. Hunstad further testified that the area of the new bulge corresponded with the contact which the seatbelt would make with the body during impact.
13. Dr. Lopina testified that he is unable to definitively say whether the scar tissue developed from the previous surgeries or from the motor vehicle accident, but felt that the surgeon would be in a better position to determine causation.
14. Dr. Hunstad testified that the November 10, 2003 injury was a significant cause of plaintiff's upper central abdominal problem and the resulting surgeries.
15. The greater weight of the evidence shows that plaintiff experienced an upper central abdominal problem as a result of the November 10, 2003 accident.
16. At the time of the hearing before the Deputy Commissioner, plaintiff was not at maximum medical improvement as the second surgery following the accident had recently occurred.
17. As a result of the compensable injury by accident of November 10, 2003, *Page 5 
employee-plaintiff was out of work for a period of time beginning August 1, 2005. Dr. Hunstad testified in his deposition that plaintiff would be written out of work for "a few weeks" following the surgery.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On November 10, 2003, plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with the defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to medical treatment for the injury to her upper central abdomen, which has required treatment by Dr. Hunstad and Dr. Lopina, including two surgeries.
3. Plaintiff is entitled to payment of temporary total disability compensation by defendants for the period of time she was written out of work by Dr. Hunstad at the compensation rate of $650.29. N.C. Gen. Stat. § 97-29.
4. Determination of permanent injury is reserved as the employee-plaintiff has not yet reached maximum medical improvement. N.C. Gen. Stat. § 97-31.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 A W A R D
1. Subject to a reasonable attorney's fee, defendants shall pay plaintiff temporary total disability compensation at the rate of $650.29 per week for the period of time plaintiff was *Page 6 
written out of work by Dr. Hunstad. This amount has accrued and shall be paid in one lump sum.
2. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief or may tend to lessen plaintiff's period of disability, when bills for the same have been submitted according to proper Industrial Commission procedure, including treatment by Drs. Hunstad and Lopina and the June 23, 2004 and August 1, 2005 surgeries performed by Dr. Hunstad.
3. A reasonable attorney's fee equal to twenty-five percent (25%) of the compensation due plaintiff in Paragraph 1 of this AWARD, is APPROVED and shall be paid directly to counsel for plaintiff.
4. Defendants shall pay the costs due the Commission.
This the __ day of March, 2007.
S/_________________________ DANNY LEE MCDONALD COMMISSIONER
CONCURRING:
 S/_________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_________________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1